## WILLIAM H. STEVENS *vs.* PATIENCE REED.

A promissory note payable to bearer, held by a married woman under a claim of title, is so far her property, within the meaning of Gen. Sts. c. 108, § 3, that her liability upon contracts made concerning it does not depend upon the validity of her claim.

CONTRACT upon a negotiable promissory note for $65, dated January 31, 1862, signed by the defendant, and payable to the plaintiff. At the trial in the Superior Court, before *Dewey*, J., the execution of the note was duly proved, and it was admitted that at the time it was given, the defendant was a married woman residing with her husband.

The plaintiff testified that, when the note was given, he and the defendant were in the office of H. Fuller, an attorney in Westfield; that at that time he lent her $65 in money; that she wanted the money to pay the costs of two suits, in one of which he was plaintiff, and in the other defendant; that the suit in which he was plaintiff was commenced in his name on a note given by one Grace Root, and payable to Samuel F. Reed, or bearer; that Samuel F. Reed was the husband of the defendant in this suit, and had transferred the note to her by delivery; that after the delivery of the note to her by her husband, she, representing and claiming that the note belonged to her, requested the plaintiff to allow a suit to be brought on it in his name for her benefit, and promised that he should not be put to any expense on account of it; that he allowed the suit to be brought; that he had never seen the note; that he had never paid anything, nor been asked to pay anything on account of the suit; that he had never agreed to be liable for the expenses of it, and that he had

no interest whatever in it; that the suit in which he was defendant was an action brought against him on account of the levy of the execution issued on the judgment in the suit on the note, which execution was levied on land the title to which was in a stranger to the suit.

This was all the evidence in the case. The court ruled that the plaintiff could not maintain the action. A verdict was rendered for the defendant.

The judge reported the case to this court. If the ruling was erroneous, the verdict is to be set aside, and the case is to stand for trial, otherwise judgment is to be entered on the verdict.

*H. B. Stevens*, (*E. B. Gillett* with him,) for the plaintiff.

*N. T. Leonard*, for the defendant.

AMES, J. According to the law of this Commonwealth, a married woman may sue and be sued in all matters having relation to her separate property, trade or business, in the same manner as if she were an unmarried woman. Gen. Sts. *c.* 108, § 3. Her power to make contracts in regard to her separate property is not limited to that in which she has an admitted and undisputed title. She may be placed in a position in which her title to an article of property is controverted, and in which she is compelled to resort to a suit at law to vindicate her right. If in such a case she employs counsel, or makes other contracts incidental to the proper enforcement of her supposed right, she is bound by such contracts. They relate to property which she claims, or admits, to be her own. *Parker* v. *Simonds*, 1 Allen, 258. They must be considered as contracts having relation to her separate property, within the meaning of the statute. Her liability upon such a contract does not depend upon the issue of the suit. To make it do so would practically deprive her of the power to bind herself by any contract relating to the enforcement of a right against any one who should see fit to deny it; and would place her under a disability which the statute was intended to remove.

As this case is presented to us, the plaintiff never saw the note which was put in suit in his name. It does not appear that any question was raised as to the defendant's right to it, or that the plaintiff had any information or was put upon inquiry upon that

subject. It is true that a married woman cannot acquire property directly by gift from her husband, but there is no legal impossibility in her becoming the owner of a promissory note which once belonged to him, especially in the case of a note purporting to be payable to the bearer. All that is disclosed in the report is, that this plaintiff, on being applied to by the defendant, consented to be the nominal plaintiff in a suit to be commenced and prosecuted by her, for her sole benefit, and at her expense and risk, to recover a sum of money which she claimed as due and payable to herself. By allowing the suit to go on in his name, this plaintiff became personally liable for the costs ; and the defendant's promissory note to cover the amount of those costs was a contract having relation to her property and business within the meaning of the statute.

The majority of the court concur in the decision that, upon the case as reported, the plaintiff had gone far enough to put the other party on her defence, and that it was a mistake to direct a verdict for the defendant. The verdict must therefore be set aside, and a *New trial ordered.*